Jasen, J.
On January 22, 1959, defendant, who was represented by counsel, was convicted, after a jury trial, of possession of narcotics and sentenced to a prison term of from 5 to 15 years.[1] He did not appeal from the judgment of conviction.
Subsequently, defendant brought this motion for a writ of error coram nobis alleging that he had been deprived of his constitutional right to a fair trial because of his inability to understand the 1959 proceedings against him due to language difficulties. He argues, the trial court had not taken adequate measures to protect his rights under these circumstances.
There is no dispute that an interpreter translated defendant’s testimony when he took the stand in his own defense, but did not translate the rest of the trial proceedings. Defendant does not claim that he, or his attorney, at any time other than when he took the witness stand to testify in his own behalf, requested an interpreter, or that he informed the trial court of his inability to understand English.
At issue here is the obligation of the court to provide a defendant an interpreter for the purpose of translating the trial testimony to him.
To be sure, a defendant who cannot understand English is entitled to have the trial testimony interpreted to him in a language which he understands in order that he may meaningfully assist in his own defense.
The right to an interpreter, however, may be waived where a defendant, or his attorney, fails to call to the attention of the trial court, in some appropriate manner, the fact that he does not possess sufficient understanding of the English language. (Gonzalez v. People of Virgin Islands, 109 F. 2d 215 [3d Cir.].)
Where, as here, a defendant is adequately represented by competent counsel, and despite numerous opportunities to do so, fails to inform the court about any inability to understand the English language, he cannot be heard to complain in a collateral attack that his conviction was secured without due process of law. (People v. Francisco Ramos, 25 A D 2d 791; see, also, People v. Hernandez, 8 N Y 2d 345, 348.)
*275 Otherwise, it would be possible for a defendant to remain silent throughout the trial, and take a chance of a favorable verdict —failing in which, he could secure a new trial upon the ground that he did not understand the language in which the testimony was given. The absurdity of such a proposition is self-evident.
In the absence of an obvious manifestation to the court pf defendant’s lack of understanding of the English language, or a specific request to the court based on this misunderstanding, there is no obligation upon the court to provide a defendant with an interpreter.
It is true, that the defendant herein requested and was furnished an interpreter when he testified in his own behalf. This does not imply that he did not understand the English language sufficiently well to follow the testimony presented at the trial. It is quite common in this country for persons of foreign descent, who are adequately conversant with the English language, to testify in their native language rather than in English. Understandably, one could prefer to state his version of the facts in his native tongue, rather than an acquired language. Thus, the fact that the defendant testified in Spanish does not mandate a conclusion that the defendant did not adequately understand the English language to meaningfully assist in his own defense. Only when it becomes acutely obvious that the defendant is exhibiting an inability to understand the trial proceedings or to communicate with his counsel due to a language barrier, should the court take affirmative steps to determine the need of an interpreter.
In sum, it is our opinion that neither on the basis of constitutional right, nor on the basis of the facts presented by the defendant in his petition, was he entitled to a hearing.
Accordingly, the order, denying defendant’s motion for a writ of error coram nobis, should be affirmed.
Chief Judge Fttld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order affirmed.

. In September of 1967, he was resentenced nunc pro tune to a term of 9 to 10 years.