**Justo GUERRERO, Petitioner,**

v.

**David R. HARRIS, Superintendent of Green Haven Correctional Facility, Respondent.**

**No. 78 Civ. 1953 (HFW).**

United States District Court, S. D. New York.

Nov. 30, 1978.

---

Justo Guerrero, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, by Wendy H. Hashmall, Deputy Asst. Atty. Gen., New York City, for Harris.

WERKER, District Judge.

*Pro se* petitioner Justo Guerrero pleaded guilty on September 27, 1976 to the charge of criminal sale of a controlled substance in the second degree and was convicted upon his plea in the Supreme Court, Bronx County. He was sentenced to a term of imprisonment of six years to life. The Appellate Division, First Department, affirmed the judgment of conviction without opinion on November 1, 1977, and leave to appeal to the New York Court of Appeals was denied on November 30, 1977. Petitioner, who is currently incarcerated at the Green Haven Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has exhausted his state court remedies as mandated by § 2254(b)[1] and (c)[2] since the issue raised in his petition has been presented to and rejected by the state courts on direct appeal. *See Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilson v. Fogg,* 571 F.2d 91, 92–93 (2d Cir. 1978); *Fielding v. LeFevre,* 548 F.2d 1102, 1106–07 (2d Cir. 1977). *See also Kaplan v. Bombard,* 573 F.2d 708, 710 n. 1 (2d Cir. 1978). As long as a federal court can identify the claim in the

---

1. § 2254(b) provides:

 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

2. § 2254(c) provides:

 (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

habeas corpus petition as the one raised on appeal through the state courts, the federal court is competent to answer the petition. *See Cameron v. Fastoff,* 543 F.2d 971, 977 n. 4 (2d Cir. 1976). Thus, this Court possesses jurisdiction to address the petitioner's claims.

### I

The primary substantive claim underlying this petition is that the trial court denied petitioner his due process rights when it accepted an involuntary and unknowing guilty plea. More specifically, petitioner contends that he could not have knowingly and voluntarily pleaded guilty to the charges against him since he did not speak English and was not afforded the services of an interpreter at the pleading proceeding.

■ It is well recognized that a defendant who pleads guilty to a charge must do so voluntarily and with knowledge of the consequences of such plea. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *People v. Nixon,* 21 N.Y.2d 338, 287 N.Y.S.2d 659, 234 N.E.2d 687 (1967), *cert. denied sub nom.* 393 U.S. 1067, 89 S.Ct. 721, 21 L.Ed.2d 709 (1969). While there is a scarcity of judicial authority fully discussing the right to a court appointed interpreter, *United States v. Carrion,* 488 F.2d 12, 14 (1st Cir. 1973), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974); *United States ex rel. Negron v. New York,* 434 F.2d 386, 389 (2d Cir. 1970), it is clearly within the court's discretion to decide whether an interpreter is necessary. *See United States v. Desist,* 384 F.2d 889, 903 (2d Cir. 1967), *aff'd without discussion of this point,* 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Thus, where a defendant has difficulty understanding or speaking the English language, the court is authorized to appoint an interpreter. *Perovich v. United States,* 205 U.S. 86, 27 S.Ct. 456, 51 L.Ed. 722 (1907); *United States v. Carrion,* 488 F.2d at 14–15; *United States v. Desist,* 384 F.2d at 903. Where, however, the defendant appears to understand the nature of the charges against him

and the effect of a guilty plea, the court may proceed without appointing an interpreter. *See Cervantes v. Cox,* 350 F.2d 855 (10th Cir. 1965); *Gonzalez v. People,* 109 F.2d 215 (3d Cir. 1940); *People v. Ramos,* 26 N.Y.2d 272, 309 N.Y.S.2d 906, 258 N.E.2d 197 (1970). Since petitioner responsively answered all of the questions addressed to him by the court in the instant case, it cannot be said that the trial court abused its discretion by not appointing an interpreter.

■ Moreover, even assuming *arguendo* that the trial court did abuse its discretion by not appointing an interpreter at the pleading stage, such failure constitutes harmless error since an interpreter was present at sentencing when petitioner reaffirmed his intention to plead guilty in spite of the fact that the court, concerned about ambiguities in petitioner's probation report, gave petitioner the opportunity to withdraw his guilty plea. Respondent's Exh. F, Tr. 2–4. Thus, there is no basis to sustain petitioner's argument that he did not knowingly and voluntarily plead guilty to the charges against him.

### II

■ Petitioner's second assertion is that the trial court violated his due process rights when it did not inform him adequately of the consequences of pleading guilty. Relying on *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), petitioner contends that the trial court erred when it accepted his guilty plea because the plea was involuntary and made without knowledge of all of the constitutionally protected rights defendant would be surrendering. *Boykin* is distinguishable from the present situation in that the trial court in *Boykin* did not even attempt to ascertain whether the plea was voluntarily entered. *Id.* The New York court in the instant proceeding questioned petitioner both regarding his involvement in the events leading to his arrest and with reference to his understanding of the effect of a guilty plea. For example, before the judge accepted petitioner's plea, he asked petition-

er in the presence of his counsel whether he had consulted his attorney about entering a guilty plea. Petitioner responded in the affirmative. The judge then questioned petitioner about his commission of the crime charged, to wit, a sale of drugs, and asked him if he had sold nine and one quarter ounces of cocaine to an undercover police officer. Petitioner again answered in the affirmative. When asked whether he had been threatened or induced to plead, or promised anything other than that the district attorney's recommendation of a six year to life sentence would be acceptable to the judge, petitioner answered in the negative. When asked whether he was pleading guilty voluntarily, and because he was in fact guilty and for no other reason, petitioner said yes. He was then questioned whether he understood that a guilty plea concluded his case before the court, that no trial would occur and therefore that he would not be exercising his right to call witnesses in his behalf or cross examine witnesses for the prosecution. Petitioner answered yes once again. The judge reinforced this inquiry by then asking petitioner if he understood that these were the rights he was giving up by pleading guilty, and by asking if he understood everything that the judge said. Petitioner answered in the affirmative. The judge then asked petitioner if he had any questions and received a negative reply. See Respondent's Exh. E, Tr. 8–10.

 *Boykin v. Alabama, supra,* led Congress to amend Rule 11(c)[3] of the Fed-

eral Rules of Criminal Procedure to reflect a more stringent standard for accepting guilty pleas in the federal courts. *United States v. Journet,* 544 F.2d 633, 635 (2d Cir. 1976). There is agreement among several circuits, however, that *Boykin* does not mandate that "state courts read a litany of constitutional rights to defendants in order to ensure that their guilty pleas are voluntarily entered." *Perry v. Vincent,* 420 F.Supp. 1351, 1358 (E.D.N.Y.1976), *aff'd,* 553 F.2d 94 (2d Cir. 1977), *citing Wilkins v. Erickson,* 505 F.2d 761 (9th Cir. 1975); *McChesney v. Henderson,* 482 F.2d 1101 (5th Cir. 1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974); *Stinson v. Turner,* 473 F.2d 913 (10th Cir. 1973); *Wade v. Coiner,* 468 F.2d 1059 (4th Cir. 1972). Moreover, since Rule 11(c) is procedural in nature and does not rise to a constitutional requirement, *see McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Kelleher v. Henderson,* 531 F.2d 78, 81 (2d Cir. 1976), it applies to federal and not state pleading proceedings. *See McCarthy v. United States,* 394 U.S. at 459–66, 89 S.Ct. 1166, 22 L.Ed.2d 418; *United States v. Journet,* 544 F.2d at 636; *Kelleher v. Henderson,* 531 F.2d at 81. Thus, different standards apply for ascertaining the validity of guilty pleas accepted in federal and state courts. In order for a federal court to accept a guilty plea, the judge must comply with all the provisions of Rule 11. *United States v. Journet,* 544 F.2d at 636. While slight deviation

---

**3.** The amended rule became effective on December 1, 1975 and provides in pertinent part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been

made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

sometimes is permissible under circumstances where the defendant is deemed to know the omitted information, *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977); *United States v. Michaelson*, 552 F.2d 472 (2d Cir. 1977), generally, failure to conform to Rule 11 guidelines renders the plea a nullity. *United States v. Journet*, 544 F.2d at 636. In state courts, however, a more flexible procedure exists. As long as the court informs the accused that "alternative courses of action" are open to him, *North Carolina v. Alford*, 400 U.S. at 31, 91 S.Ct. 160, it need not enumerate every constitutional right a defendant will waive if he pleads guilty. *See Perry v. Vincent*, 420 F.Supp. at 1358 and cases cited therein.

 Furthermore, even if the court omits some information when it instructs the defendant as to his rights, the plea will be sustained unless defendant can demonstrate that the additional information would have altered his plea. *Kelleher v. Henderson*, 531 F.2d at 82. Thus, when a federal court reviews the constitutional validity of a state accepted guilty plea, it must consider not only whether defendant had adequate information on which to base his plea but also whether additional information would have affected his decision to plead guilty. *Id.; see Caputo v. Henderson*, 541 F.2d 979, 984 (2d Cir. 1976) (state court rendered misinformation on sentencing alternatives). Since the trial court in the case at bar provided defendant with sufficient information on which to predicate his plea, the court's failure to enumerate all of the constitutional rights defendant would be waiving if he pleaded guilty, was not error. Additionally, since examination of the circumstances surrounding defendant's plea reveals that it was intelligent and rationally motivated,[4] I find frivolous petitioner's.claim that his plea was involuntary and would have been altered were he in possession of additional information.

4. The defendant was able to satisfy two Class A–I felonies and one Class A–III felony by pleading guilty to the Class A–II charge. Since at the time of pleading defendant was on pro-

I have considered all of petitioner's arguments and find them to be uniformly without merit. The writ of habeas corpus is denied and the petition is dismissed. Any application for leave to proceed *in forma pauperis* or for a certificate of probable cause will be denied.

SO ORDERED.

bation, having plead guilty to a similar charge, his action in the instant case was rationally motivated.