■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIPOLITO J. NAVARRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 22, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he could not have knowingly and voluntarily pleaded guilty to the charges against him because his limited knowledge of English prevented him from understanding the nature of the proceedings against him. It is within the sound discretion of the court to decide whether an appointment of an interpreter is necessary *(see, United States v Desist,* 384 F2d 889, *affd* 394 US 244; *People v De Armas,* 106 AD2d 659, 660; *see also, Guerrero v Harris,* 461 F Supp 583, 586). Indeed, where the court is put on notice that a defendant has difficulty understanding or speaking the English language, it must "make unmistakably clear to him that he has a right to have a competent translator assist him, at state expense if need be" *(United States ex rel. Negron v State of New York,* 434 F2d 386, 390-391; *People v De Armas, supra).* Where, on the other hand, no request for an interpreter has been made and the defendant appears to comprehend the nature of the proceedings and the charges against him, the trial court does not abuse its discretion by proceeding without appointing an interpreter *(see, Guerrero v Harris, supra; see also, Luna v Black,* 772 F2d 448, 451).

The defendant waived his right to an interpreter since, despite the appointment of new counsel prior to sentencing,

he did not move to withdraw his plea on that ground prior to sentencing (see, CPL 470.05 [2]; see also, People v Ramos, 26 NY2d 272, 274). In any event, we do not find that the trial court abused its discretion in failing to appoint an interpreter. For the most part, the defendant, who is not a novice to the criminal justice system, answered the questions addressed to him during the plea allocution and exhibited an understanding of the nature of the proceedings and of the charges against him.

Assuming, arguendo, that the trial court had abused its discretion by not appointing an interpreter at the plea proceedings, such error would have been harmless, since at sentencing, when an interpreter was present, the defendant reaffirmed through his attorney his intention to plead guilty (see, Guerrero v Harris, supra).

The defendant also contends that the trial court erred in accepting his guilty plea without inquiring further as to whether he was aware of his potential agency defense and knowingly waived it. This contention is without merit. The record of the plea proceeding demonstrates that an inquiry was made as to whether the defendant discussed the potential agency defense with his attorney and whether he understood that by pleading guilty he was waiving his right to raise that defense. The defendant replied affirmatively to both questions. Therefore, no further inquiry was required (see, People v McZorn, 121 AD2d 473, lv denied 68 NY2d 771; cf., People v Quiles, 72 AD2d 610). Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.