■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH GAMAL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered February 24, 1988, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not err in failing to appoint a Hebrew interpreter since no such request was made by the defendant and the record does not indicate that he had any difficulty in understanding the proceedings (see, People v Ramos, 26 NY2d 272; People v Navarro, 134 AD2d 460). In the absence of evidence that the defendant did not understand the testimony or was unable to assist in the preparation of his defense due to a language barrier, we find no merit to his contention that he was denied effective assistance of counsel because his

attorney failed to request the appointment of an interpreter. If there are matters outside the record which would support the defendant's contention, the proper remedy is a proceeding pursuant to CPL 440.10 *(see, e.g., People v Banks,* 117 AD2d 611, *lv denied* 67 NY2d 939; *People v Martinez,* 111 AD2d 189, *lv denied* 66 NY2d 920).

The defendant's contentions with respect to the court's charge and its statements during the voir dire of prospective jurors are unpreserved for appellate review as a matter of law (CPL 470.05; *cf., People v Whalen,* 59 NY2d 273; *People v Charleston,* 56 NY2d 886) and are, in any event, without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.