■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARRERO, Appellant.—Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered on December 10, 1987, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, respectively, to consecutive indeterminate terms of from 25 years' to life imprisonment and from 8⅓ years' to life imprisonment, unanimously affirmed.

In this prosecution of the defendant for second degree murder and attempted second degree murder arising as a result of the shooting and death of Antonio Couso at 178th

Street and Hughes Avenue, Bronx County, and the subsequent shooting of potential witness Cesar Molina at 183rd Street and Crotona Avenue, Bronx County, the court below properly permitted the introduction of evidence and testimony concerning a prior negative lineup, where defense counsel had "opened the door" to admission of that evidence by, on cross-examination, repeatedly challenging Nelson Couso's ability to accurately identify the defendant as the assailant. *(People v Bolden,* 58 NY2d 741 [1982].)

Moreover, the court acted within its discretion in denying defendant's request for a second interpreter where, during the pretrial and trial proceedings, the court was forced to utilize defendant's interpreter to translate the testimony of two witnesses. The record below reveals that the defendant was able to understand the testimony of the two Spanish-speaking witnesses without an interpreter and that the court specifically permitted defendant's interpreter to return to the defense table during the testimony of the two witnesses so as to permit meaningful communication between defendant and his counsel, thereby preserving defendant's right to counsel and right to assist in his own defense. *(People v Ramos,* 26 NY2d 272 [1970]; *People v Navarro,* 134 AD2d 460 [2d Dept 1987].)

Moreover, we are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305 [1981].)

Finally, the remaining contentions of the defendant were not preserved as a matter of law and we therefore decline to reach them. Were we to consider them, however, in the interest of justice, we would nonetheless affirm, finding them to be without merit. Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.