THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO REYES, Appellant.—

The court did not err in failing to appoint an interpreter to assist the defendant at trial, since no such request was made by the defendant and the record does not indicate that he had any difficulty communicating with counsel or understanding the proceedings *(see, People v Ramos,* 26 NY2d 272; *People v Gamal,* 148 AD2d 468; *People v Navarro,* 134 AD2d 460; *cf.,*

*People v De Armas,* 106 AD2d 659). In the absence of any evidence that the defendant did not understand the testimony at trial or was unable to assist in the preparation of his defense due to a language barrier, we find no merit to his claim that trial counsel was ineffective in failing to request the appointment of an interpreter. If there are matters outside the record which would support the defendant's contention, the proper remedy is a proceeding pursuant to CPL 440.10 *(see, People v Gamal, supra).* Viewed in their totality, defense counsel's efforts on behalf of his client afforded the defendant meaningful representation *(People v Baldi,* 54 NY2d 137, 147).

The defendant's remaining contention lacks merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.