■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ROBLES, Appellant. [597 NYS2d 3] —Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered April 16, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to 4½ to 9 years, unanimously affirmed.

Defendant's contention that he was deprived of his right to be present at a material stage of the proceedings by virtue of the absence of an interpreter at the *Sandoval* hearing is unpreserved. A defendant has a right to be present at all material stages of a criminal proceeding, including a *Sandoval* hearing, "except in circumstances where the nature of the defendant's criminal history and the issues to be resolved at the *Sandoval* hearing render the defendant's presence superfluous" *(People v Dokes,* 79 NY2d 656, 662). The failure of defendant to object is not fatal to his claim that his right to be present has been violated *(supra)*. Here, however, defendant does not argue that he personally was not present, but only that his interpreter was absent. While the former claim need not be preserved by timely objection, the latter must *(People v Ramos,* 26 NY2d 272).

If we were to reach the issue in the interest of justice, we would find that defendant's presence would have been "superfluous". The defendant's presence may be required to correct errors in the Division of Criminal Justice Services report, to controvert reports of uncharged acts, and to provide detail as to the underlying facts of both charged and uncharged criminal conduct *(supra,* at 661). Here, the court allowed inquiry

into the fact of a 1981 conviction, not the underlying facts. As this Court has recently observed, "[T]hese legitimate concerns are not implicated in this case because the court prohibited any inquiry into the underlying facts" *(People v Odiat,* 191 AD2d 183, 185). Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.