■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS COLON, Appellant. [623 NYS2d 633] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 3, 1992, convicting him of sexual abuse in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of a fair trial when the court failed to provide a second Spanish interpreter during the direct testimony of the complainant. A court interpreter translated the proceedings for the defendant, who spoke Spanish. The same interpreter translated for the benefit of the jury when the complainant testified in Spanish. The court declined to provide a second interpreter to assist the defendant during the complainant's direct testimony, but permitted defense counsel and the defendant to consult with the interpreter prior to and during the cross-examination of the complainant. The defense counsel voiced no objection to this procedure and there is no evidence in the record that he was in any way hampered in his ability to communicate with his client. Moreover, there is no evidence in the record that the defendant was unable to understand the complainant's testimony or the proceedings. Under these circumstances, we find that the defendant was provided with a meaningful opportunity to consult with counsel and to assist in his own defense (see, e.g., People v Rodriguez, 165 AD2d 699; People v Marrero, 156 AD2d 141; cf., People v DeArmas, 106 AD2d 659). Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.