86 N.Y.2d 763 (1995)
655 N.E.2d 172
631 N.Y.S.2d 131
The People of the State of New York, Appellant,
v.
Rafael Robles, Respondent.
Court of Appeals of the State of New York.
Argued June 7, 1995.
Decided July 6, 1995.
Robert T. Johnson, District Attorney of Bronx County, Bronx (Stuart P. Levy, Joseph N. Ferdenzi and Allen H. Saperstein of counsel), for appellant.
Arthur H. Hopkirk, New York City, and Philip L. Weinstein for respondent.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA and LEVINE concur; Judge SMITH dissents and votes to affirm in an opinion in which Judge CIPARICK concurs.
*764 MEMORANDUM.
The order of the Appellate Division should be reversed, and the case remitted to the Appellate Division, First Department, in accordance with CPL 470.25 (2) (d) and CPL 470.40 (2) (b).
Defendant was charged with criminal sale and possession of a controlled substance in the third degree. He and his lawyer were "personally present" (CPL 260.20) at the Sandoval hearing, though no interpreter was present. Defense counsel, however, never requested an interpreter and made no objection to the Sandoval hearing going forward without one. Defendant was later convicted after a jury trial.
At the Appellate Division, defendant claimed for the first time that he was constructively absent from his Sandoval hearing due to the absence of an interpreter and that he should, therefore, be granted a new trial. The Appellate Division affirmed his conviction, holding that the argument was unpreserved (192 AD2d 425, lv denied 81 N.Y.2d 1079). A year later, the Appellate Division granted reargument to defendant and concluded that he did not have to preserve this claim by advancing it in the first instance before the trial court (203 AD2d 172, 173). The Court overturned the conviction and ordered a new trial (id., at 174-177). A Judge of this Court granted leave to appeal to the People.
The dispositive and only question, bypassed by the dissenting opinion, is the need for trial court preservation, or not, of such a claim involving an interpreter at a Sandoval hearing *765 (compare, People v Dokes, 79 N.Y.2d 656; see also, People v Ramos, 26 N.Y.2d 272). The plain language of CPL 260.20 and its purpose support the conclusion that traditional trial court preservation rules apply when defendant is physically present with the lawyer.
CPL 260.20 gives a defendant the right to be "personally present during the trial of an indictment" (emphasis added). We have held that this right to be "personally present" at material stages of trial includes the Sandoval stage, and that defendants need not preserve alleged violations of this protection (People v Dokes, supra, at 662). No one quarrels with these settled propositions, nor with the unquestionable right of any defendant, upon request, to the assistance of an interpreter at any stage of a criminal proceeding. These merits concerns are not at issue here, however, since defendant concedes that he and his lawyer were personally present at the hearing (contrast, People v Dokes, supra), and no request for an interpreter was uttered to the trial court.
We conclude that maintaining customary preservation rules in a case such as this is prudent and a more definite, practical way to fairly satisfy the underlying purposes of the statute and attendant policies (compare, People v Gray, 86 N.Y.2d 10, 19).
SMITH, J. (dissenting).
I would affirm the order of the Appellate Division. At trial, defendant was convicted of criminal sale of a controlled substance in the third degree. The Appellate Division initially affirmed defendant's conviction (192 AD2d 425) concluding that his claim that he was constructively absent at his Sandoval hearing because he needed an interpreter was unpreserved. Upon granting defendant's motion for reargument, that Court reversed the conviction, determining that defendant did not need to register an objection to preserve the Sandoval issue since defendant requested an interpreter and otherwise informed the court that he needed such services.
Defendant informed the court that he needed an interpreter on defense counsel's notice of appearance, the felony complaint and the Supreme Court file. Indeed, in the bulk of the material proceedings before the Trial Judge, including the proceeding only one month prior to the Sandoval hearing, defendant appeared with the assistance of the interpreter. Clearly, the interpreter's continuing presence in the prior proceedings should have alerted the court to the need for *766 interpretation. The court generally, not the defendant, maintains a continuing obligation to see that an interpreter is present. No construction of preservation law or rules of procedure attenuates this responsibility.
Additionally, our holding in People v Ramos (26 N.Y.2d 272, 274) compels an affirmance here. The standard we set forth there  requiring defendant or counsel to call to the attention of the trial court "in some appropriate manner," the need for an interpreter  was amply met on these facts. Had defendant failed to inform the court that he needed an interpreter and then sought to appeal, the People could accurately cry foul for defendant's manipulation of the court. Defendant followed Ramos here, however. Nothing on this record posed an unreasonable burden on the trial court to continue providing the necessary interpretation services to defendant.
The majority claims that the dissent has bypassed the issue of preservation. It should be noted that the judgment rendered by the Supreme Court in this case occurred on April 15, 1991. People v Dokes (79 N.Y.2d 656) was decided over a year later, on June 11, 1992. Until People v Dokes, this Court had not declared that the defendant had a right to be present at a Sandoval hearing. Certainly, the right to be present at a Sandoval hearing is a hollow right if a defendant does not understand what is going on.
Defendant preserved his right to an interpreter where that right was asserted in the defense counsel's notice of appearance, on the felony complaint and on the Supreme Court file itself. This is a case where a court, after having been put on notice, failed to see that a defendant received the interpreter to which he was entitled. The words of the Appellate Division aptly address the preservation issue. That Court stated:
"It should be stressed that it is the court's basic obligation to assure that the defendant's fundamental right to be present and participate meaningfully in his defense is not compromised. That obligation is not diminished by the defendant's omission constantly to remind the court of it, and a failure in its discharge is accordingly reviewable on appeal, as a matter of law, notwithstanding the absence of any objection thereto at trial (see, People v Dokes, supra, at 662; People v Antommarchi, 80 N.Y.2d 247, 250; People v Mehmedi, 69 N.Y.2d 759, 760; People v Ahmed, 66 N.Y.2d 307, 310)". (203 AD2d 172, 174.)
*767 The obligation here was squarely on the court, and an interpreter should have been provided.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.