Smith, J.
(dissenting). I would affirm the order of the Appellate Division. At trial, defendant was convicted of criminal sale of a controlled substance in the third degree. The Appellate Division initially affirmed defendant’s conviction (192 AD2d 425) concluding that his claim that he was constructively absent at his Sandoval hearing because he needed an interpreter was unpreserved. Upon granting defendant’s motion for reargument, that Court reversed the conviction, determining that defendant did not need to register an objection to preserve the Sandoval issue since defendant requested an interpreter and otherwise informed the court that he needed such services.
Defendant informed the court that he needed an interpreter on defense counsel’s notice of appearance, the felony complaint and the Supreme Court file. Indeed, in the bulk of the material proceedings before the Trial Judge, including the proceeding only one month prior to the Sandoval hearing, defendant appeared with the assistance of the interpreter. Clearly, the interpreter’s continuing presence in the prior proceedings should have alerted the court to the need for *766 interpretation. The court generally, not the defendant, maintains a continuing obligation to see that an interpreter is present. No construction of preservation law or rules of procedure attenuates this responsibility.
Additionally, our holding in People v Ramos (26 NY2d 272, 274) compels an affirmance here. The standard we set forth there — requiring defendant or counsel to call to the attention of the trial court "in some appropriate manner,” the need for an interpreter — was amply met on these facts. Had defendant failed to inform the court that he needed an interpreter and then sought to appeal, the People could accurately cry foul for defendant’s manipulation of the court. Defendant followed Ramos here, however. Nothing on this record posed an unreasonable burden on the trial court to continue providing the necessary interpretation services to defendant.
The majority claims that the dissent has bypassed the issue of preservation. It should be noted that the judgment rendered by the Supreme Court in this case occurred on April 15, 1991. People v Dokes (79 NY2d 656) was decided over a year later, on June 11, 1992. Until People v Dokes, this Court had not declared that the defendant had a right to be present at a Sandoval hearing. Certainly, the right to be present at a Sandoval hearing is a hollow right if a defendant does not understand what is going on.
Defendant preserved his right to an interpreter where that right was asserted in the defense counsel’s notice of appearance, on the felony complaint and on the Supreme Court file itself. This is a case where a court, after having been put on notice, failed to see that a defendant received the interpreter to which he was entitled. The words of the Appellate Division aptly address the preservation issue. That Court stated:
"It should be stressed that it is the court’s basic obligation to assure that the defendant’s fundamental right to be present and participate meaningfully in his defense is not compromised. That obligation is not diminished by the defendant’s omission constantly to remind the court of it, and a failure in its discharge is accordingly reviewable on appeal, as a matter of law, notwithstanding the absence of any objection thereto at trial (see, People v Dokes, supra, at 662; People v Antommarchi, 80 NY2d 247, 250; People v Mehmedi, 69 NY2d 759, 760; People v Ahmed, 66 NY2d 307, 310)”. (203 AD2d 172, 174.)
*767 The obligation here was squarely on the court, and an interpreter should have been provided.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Levine concur; Judge Smith dissents and votes to affirm in an opinion in which Judge Ciparick concurs.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.