■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILDER, Appellant. [675 NYS2d 30] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered November 26, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and bail jumping in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant was properly convicted of bail jumping in the first degree (Penal Law § 215.57). Defendant was originally released, prior to indictment. Upon his release, he was given an adjourned date and told to return. In the interim, an indictment was filed. When defendant failed to appear on the adjourned date, the court stayed a warrant and sent a letter advising defendant of the pending indictment and the next court date for his appearance. He failed to appear on that date and a warrant for his arrest was issued. He was indicted for bail jumping in the first degree based on this latter failure to appear. We conclude that Penal Law § 215.57 encompasses the circumstances here, notwithstanding that no indictment was yet pending at the time of the defendant's original release.

The court properly admitted "negative identification testimony" (see, People v Bolden, 58 NY2d 741) concerning the undercover officer's exoneration of a suspect whose attire was markedly similar to that of defendant. This testimony was relevant to the identification issues developed at trial (see, People v Rodriguez, 193 AD2d 633, lv denied 81 NY2d 1079; People v Marrero, 156 AD2d 141, lv denied 75 NY2d 921). Concur—Sullivan, J. P., Rosenberger, Wallach, Tom and Saxe, JJ.