J. S76011/14

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANGEL CONTIS, | : | No. 574 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 11, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0010001-2011

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 13, 2015**

Angel Contis appeals from the order denying his first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant was arrested on March 4, 2011, and charged with one count of possession with intent to deliver cocaine, one count of possession of cocaine, one count of possession of drug paraphernalia, one count of possession of a small amount of marijuana, and a summary count of driving in excess of the maximum speed limit.[1] On August 16, 2012, appellant appeared before the Honorable Randal B. Todd and entered a negotiated guilty plea to all four counts related to possession of a controlled substance;

---

[1] As the facts underlying the crimes are not pertinent to the issues raised on appeal, they will not be reviewed.

the remaining count was withdrawn. Judge Todd accepted the plea and sentenced appellant to the agreed-upon term of 2 to 4 years' incarceration and an RRRI sentence of 18 months. No motion to withdraw a guilty plea was filed on his behalf, nor was a direct appeal filed.

On October 18, 2012, the United States Department of Homeland Security filed an Immigration Detainer and sought removal of appellant from the United States.[2] Thereafter, on September 8, 2013, appellant filed a **pro se** PCRA petition. The court appointed counsel for appellant, and an amended petition was filed on January 27, 2014.

An evidentiary hearing was held on March 6, 2014, at which time a certified Spanish interpreter was provided for appellant. Guilty plea counsel testified, as did appellant on his own behalf. The matter was taken under advisement; by order of court, the petition was dismissed on March 11, 2014. A timely notice of appeal was filed on April 10, 2014. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

The following issues have been presented for our review:

> I.    SINCE [APPELLANT] WAS GIVEN INCORRECT LEGAL ADVICE ABOUT THE DEPORTATION CONSEQUENCES OF ENTERING A GUILTY PLEA, HIS PLEA WAS ENTERED UNKNOWINGLY AND INVOLUNTARILY.

---

[2] Appellant, a native of Mexico, immigrated to the United States approximately 15 years ago. (Notes of testimony, 3/6/14 at 13.)

> II. [APPELLANT] SHOULD HAVE HAD AN INTERPRETER AT HIS GUILTY PLEA AND SENTENCING AS HIS PRIMARY LANGUAGE IS SPANISH AND HE WAS NOT SUFFICIENTLY PROFICIENT IN ENGLISH.
>
> III. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE THE WITHIN ISSUES BY POST-SENTENCE MOTION, A MOTION TO WITHDRAW GUILTY PLEA AND FOR FAILING TO FILE A NOTICE OF APPEAL.

Appellant's brief at i.[3]

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

Moreover, as some of appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v.**

---

[3] Other claims presented in appellant's amended PCRA petition have been abandoned on appeal.

*Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

Turning to appellant's first issue concerning whether his guilty plea was invalid because counsel ineffectively gave him inadequate advice as to his deportation risk, we find no error with the PCRA court's decision. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that there is no merit to the question raised on appeal. The PCRA court's opinion thoroughly discusses and properly disposes of this issue. We will adopt it as our own and affirm on that basis.

The next issue presented is whether the PCRA court properly denied appellant's claim that prior counsel was ineffective for failing to secure the presence of a Spanish-speaking interpreter at the guilty plea hearing. (Appellant's brief at 23.)

Pennsylvania law holds that the decision whether to use an interpreter rests in the sound discretion of the trial judge. ***Commonwealth v. Wallace***, 641 A.2d 321, 324 (Pa.Super. 1994).

> [W]here the court is put on notice that a defendant has difficulty understanding or speaking the English language, it must make unmistakably clear to him that he has a right to have a competent translator

> assist him, at state expense if need be. Where, on the other hand, no request for an interpreter has been made and the defendant appears to comprehend the nature of the proceedings and the charges against him, the trial court does not abuse its discretion by proceeding without appointing an interpreter.

*Id.*, quoting ***People v. Navarro***, 134 A.D.2d 460, 461 (1987) (internal quotation marks omitted).

Instantly, one of appellant's trial counsel testified at the PCRA hearing about appellant's ability to speak and understand the English language. Counsel stated that appellant communicated with him regularly, and they discussed the facts and circumstances of the case. (Notes of testimony, 3/6/14 at 11.) Counsel testified there was no need for an interpreter, as appellant spoke English when he called and he understood everything counsel told him. (***Id.*** at 8.) "My understanding was that there were issues with his reading, but never communication." (***Id.***)

In its opinion, the PCRA court found the record replete with evidence that appellant does, indeed, understand English. The PCRA court noted that appellant's inability to read English was addressed at the plea hearing and that, at the hearing, appellant acknowledged on the record that each of the questions concerning the plea colloquy were read to him and he understood them. (***Id.*** at 12.) At the PCRA hearing, the court read a portion of the guilty plea transcript into the record, wherein appellant was asked how far he went in his education; appellant responded that he had completed some

college. (*Id.*) In his Rule 1925(a) opinion, Judge Todd specifically stated that at the guilty plea hearing, he spoke with and observed appellant and was "satisfied that [appellant] understood the proceedings and everything that was being said to him. At no time did [appellant], by his words, actions or demeanor express any difficulty in understanding the proceedings." (PCRA opinion, 7/15/14 at 8.) In its opinion, the PCRA court made a credibility finding that appellant understood the English language and the guilty plea proceedings. (*Id.*) We find the record supports the PCRA court's determination; appellant has failed to establish that his understanding of the English language was so impaired that the absence of an interpreter compromised his decision to plead guilty. Consequently, counsel cannot be found to have been ineffective in allowing a guilty plea hearing to proceed without an interpreter.

The final claim presented is whether counsel was ineffective for failing to file a post-sentence motion to withdraw his guilty plea. The PCRA court found that there was no evidence that appellant requested a post-sentence motion be filed or that there was any basis for counsel to believe appellant would have wanted such a motion to be filed. (*Id.*) Further, when considering this claim, an appellant must establish prejudice. ***Commonwealth v. Liston***, 977 A.2d 1098, 1092 (Pa. 2009). Specifically,

an appellant must establish that the court would have granted a post-sentence motion if one were filed. Pursuant to our analysis herein appellant has not demonstrated that counsel's actions prejudiced him; he has not shown that he would have been able to meet the strict standard for seeking withdrawal of a guilty plea post-sentence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) ) ) | CRIMINAL DIVISION |
| v. | ) ) | NO:   CC201110001 |
| ANGEL CONTIS, | ) ) ) | |
| Petitioner. | ) | |

July 15, 2014

TODD, J.

## OPINION

This is an appeal by Petitioner, Angel Contis, from an order entered on March 11, 2014 dismissing Petitioner's PCRA Petition after an evidentiary hearing held on March 6, 2014. On April 10, 2014 Petitioner filed a Notice of Appeal to the Superior Court. On April 10, 2014 Petitioner was also ordered to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. § 1925(b). On April 11, 2014 Petitioner filed his Concise Statement which set forth the following issues:

"a. The PCRA Court erred in denying the Petition on the following grounds:

i.    Trial counsel rendered ineffective assistance by not adequately advising Mr. Contis that he could or would be deported upon entering his guilty plea in this matter;

ii.   Trial counsel rendered ineffective assistance by failing to provide for an interpreter at any court proceedings when Mr. Contis' first language is Spanish;

iii.  Trial counsel was ineffective for failing to object and failing to preserve the above issues by post-sentence motion, a motion to withdraw guilty plea and for failing to file a notice of appeal."

1

## BACKGROUND

This matter arises out of Petitioner's arrest on March 4, 2011 after which he was charged with one count of Possession with Intent to Deliver cocaine in violation of 35 P.S. § 780-113(a)(30); one count of Possession of cocaine in violation of 35 P.S. § 780-113(a)(16); one count of Possession of Drug Paraphernalia in violation of 35 P.S. § 780-113(a)(32); one count of Possession of a Small Amount of marijuana in violation of 35 P.S. § 780-113(a)(31); and, a summary offense.

On August 16, 2013 Petitioner entered into a negotiated plea agreement which provided that in exchange for a plea of guilty the Commonwealth would agree to waive the mandatory minimum sentence for PWID in exchange for a sentence of 2 to 4 years with a recommendation for boot camp and no further penalty at the remaining counts. (8/16/2013 T., p. 2) During the colloquy Petitioner acknowledged that he was 34 years old and that, although he did not read the English language, he understood the proceedings. He also acknowledged that he did not suffer from any mental or physical disabilities or infirmities and had no drugs or alcohol which impaired his understanding of the proceedings. (8/16/2013 T., pp. 3-4) Petitioner's counsel indicated that due to Petitioner's limited ability to read the English language, counsel had read every question on the Guilty Plea Explanation of Defendant's Rights Form to Petitioner, which Petitioner acknowledged had occurred. (8/16/2013 T., pp. 10-11) The Commonwealth provided a summary of the offense which indicated that after a traffic stop, Petitioner was found to be in possession of marijuana, a working digital scale with white powder residue, $1,470.00 in cash and 18.13 grams of rock cocaine. No corrections were made to the summary of the facts. (8/16/2013 T., pp. 7-10)

2

Petitioner's plea was accepted and Petitioner was sentenced pursuant to the negotiated plea agreement. (*8/16/2013 T.*, pp. 11-13) It should be noted that throughout the proceedings Petitioner acknowledged that he understood the proceedings and agreed to and accepted the plea agreement. In addition, at no time did Petitioner express any desire or need for an interpreter nor did he exhibit any difficulty in understanding what was being said by either the Court, his counsel or the prosecutor.

On September 30, 2013 Petitioner filed his *pro se* PCRA Petition in which he alleged counsel never asked for or provided an interpreter for any of his court appearances; that he was not told that he would be in prison for 2 to 4 years or that his guilty plea would result in deportation from the United States. Petitioner asserted that counsel informed him he would get 6 months in boot camp and then parole. On October 3, 2013 an order was entered appointing PCRA counsel. On January 27, 2014 counsel filed an Amended PCRA Petition.[1] On February 6, 2014 the Commonwealth filed an Answer to the Amended PCRA Petition conceding that, in light of the United States Supreme Court decision in *Padilla v. Kentucky*, __ U.S.__, 130 S.Ct. 1473 (2010), an evidentiary hearing was necessary to resolve the issue of whether or not counsel informed Petitioner of the possible immigration consequences of his guilty plea. *Padilla* held that counsel must inform a client whether a plea carries a risk of deportation. On February 11, 2014 an order was entered scheduling a PCRA hearing on March 6, 2014.

At the PCRA hearing a certified Spanish interpreter was provided for Petitioner. (T., pp. 2-3) Attorney D. Scott Lautner testified that he was retained by Petitioner to represent him throughout the proceedings including the plea, although he did not attend the plea himself, which

---

[1] In the Amended PCRA Petition, Petitioner apparently inserted two additional claims, that he was denied the opportunity for a presentence report and that counsel failed to file a post-sentence motions or post sentence motions nunc pro tunc pursuant to *Commonwealth v. Liston.*

3

was attended by an associate from his office, Attorney Jeff Reis. (T., p. 7) Mr. Lautner testified that he met with Petitioner on multiple occasions prior to the plea, including meetings with law enforcement officials in an attempt to discuss a potential plea agreement for his case. Mr. Lautner also testified that the law enforcement officials also discussed the possibility of deportation with Petitioner.

Mr. Lautner testified that throughout his representation he never needed a translator to be present as Petitioner spoke English and Petitioner "understood everything that was said to him." (T., p. 8) As to his discussions with Petitioner concerning the effects on his immigration status, Mr. Lautner testified as follows:

"Q. Was there any discussion - - did you ask him about his status in the United States?
A. Yes.
Q. And what is it?
A. Right now?
Q. What was his status before he entered his plea?
A. I don't recall specifically. I know he was not a U.S. citizen.
Q. Were you aware he was a permanent resident?
A. I believe so, yes.
Q. And did you do any research on the consequences of that plea and proceedings?
A. Not only did I explain it to him, but also one of the law enforcement officers in one of our meetings explained it to him, the possibility of deportation if he was convicted.
Q. And his response was?
A. He was aware." (T., p. 9)

On cross-examination, Mr. Lautner stated the following:

"Q. Mr. Lautner, regarding immigration, what did you tell Mr. Contis?
A. That if he was to be found guilty or if he pled guilty there were potential immigration sanctions, including deportation." (T., p. 10)

Petitioner testified that at the time of the hearing he was 37 years old and although he had been in the United States for a little more than 15 years, his primary language was Spanish. (T., pp. 13-14) Although Petitioner acknowledged that he met between 8 to 12 times with counsel,

4

he only discussed his immigration status once when he gave counsel a copy of his green card.

(T., p. 14) Petitioner testified that the only statement made to him by counsel regarding the consequences of his plea on his permanent residency status was "he believed there was not going to be any problems because it was not a big case, it was a case of possession only." (T., p. 14) Petitioner testified that on the day of the plea another lawyer was present; although it was the second or third time he had seen him. Petitioner testified that he was told to:

> "....put my initials at the bottom of the page, and then he started reading some things, but I don't know how to read English. Since I don't speak English, I'm not sure whether he was reading what was reading on the paper or he was telling me something else, because I don't have a way to know." (T., p. 15)

Petitioner also testified there was no discussion with the second attorney on the day of his plea concerning his immigration status and he was never advised he could be deported based upon his plea to a drug offense. (T., p. 15) Petitioner further testified that if he had been advised, he would not have entered into the plea agreement. Petitioner testified that his understanding of the plea agreement was that he would receive boot camp only with no prison and there was never any discussion about deportation, which he learned about only when an immigration officer came to visit him subsequent to his case. (T., p. 16) At the conclusion of the PCRA hearing the matter was taken under advisement and on March 11, 2014 an order was entered dismissing the PCRA Petition.

## DISCUSSION

It is clear that a defendant is entitled to effective assistance of counsel during a guilty plea proceeding. In *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) the Court stated:

5

"A criminal defendant has the right to effective counsel during a plea process as well as during a trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999). Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill*, 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)

In order for Petitioner to be entitled to relief on the basis that trial counsel was ineffective, the burden is on Petitioner to show by a preponderance of the evidence ineffective assistance of counsel. Counsel is presumed to be effective, however, and the burden rests with Petitioner to overcome that presumption.

As noted above, the Commonwealth concedes and the law is clear that plea counsel must advise a defendant of the possible consequences of a guilty plea on the defendant's immigration status, including the possibility of deportation. In *Commonwealth v. Garcia*, 23 A.3d 1059, 1064 (Pa. Super. 2011) the Superior Court, in discussing *Padilla*, stated:

"Thus, the United States Supreme Court clarified the following with regard to a criminal defense attorney's obligation to a client, who is intending to enter a guilty plea:

When the [deportation] law is not succinct and straightforward ..., a criminal defense attorney need do no more than advise a noncitizen that pending criminal charges may carry a risk of adverse immigration consequences. But when deportation consequence is truly clear, as it was in [Padilla], the duty to give correct advice is equally clear. *Padilla*, 130 S.Ct. at 1483."
*Commonwealth v. Garcia*, 23 A.3d 1059, 1064 (Pa. Super. 2011)

The Court went on to state:

6

"With regard to Pennsylvania precedent, the United States Supreme Court's holding in *Padilla* abrogated *Commonwealth v. Frometa*, 520 Pa. 552, 555 A.2d 92 (1989), in which the Pennsylvania Supreme Court held that counsel, in providing adequate assistance to a criminal defendant contemplating a guilty plea, is not required to advise a defendant of the collateral consequences of pleading guilty, including the immigration consequences which may result from the plea." *Commonwealth v. Garcia*, 23 A.3d 1059, 1064 (Pa. Super. 2011)

In this case there is absolutely no evidence that counsel was ineffective in failing to advise Petitioner of the possibility that he might be deported as a result of his guilty plea. Counsel credibly testified that he not only advised Petitioner of the possibility of deportation but that law enforcement officers who met with counsel and Petitioner also discussed the possibility of deportation. There is no evidence to support the position any conduct on the part of counsel caused Petitioner to enter into an unknowing or unintelligent plea.

Despite Petitioner's contention that the possibility of deportation was **never** discussed, Petitioner admitted that counsel said "he believed that there was not going to be any problems because it was not a big case, it was a case of possession only." (T., p. 14) This admission by Petitioner clearly indicates that the possibility of deportation, or some impact on his immigration status, was discussed with counsel even if counsel's assessment was not correct. In addition, this testimony suggests that there were discussions of the impact of the plea on his status depending on whether or not the plea was for simple possession or PWID. Petitioner's testimony that counsel never informed him that he could possibly be deported as a result of his plea is simply not credible.

Petitioner has also raise the issue that counsel was ineffective for failing to make arrangements for an interpreter during the proceedings. However, as noted above, the record clearly demonstrates that Petitioner fully understood the proceedings and that his plea was

7

knowing, voluntary and intelligent. Petitioner's inability to read the English language was specifically addressed at the plea hearing by assuring that each of the questions in the Guilty Plea Explanation of Rights Form were read to Petitioner. Petitioner acknowledged on the record that, in fact, each of the questions had been read to him and he understood them. In addition, this Court spoke with and observed Petitioner during the plea and was satisfied that Petitioner understood the proceedings and everything that was being said to him. At no time did Petitioner, by his words, actions or demeanor express any difficulty in understanding the proceedings. Petitioner's testimony that he has difficulty understanding spoken English is not credible. In fact, it was noted during the PCRA hearing that Petitioner answered several questions regarding the proceedings without the assistance of a translator. Consequently, any claim that counsel was ineffective in failing to provide an interpreter is without merit.

Petitioner next claims that counsel was ineffective in failing to request a presentence report. However, the record establishes that a negotiated plea agreement was accepted as to the only count at which Petitioner was sentenced. There was no penalty imposed at the other charges and a presentence report would have had no impact on the outcome of the proceedings. Therefore, counsel was not ineffective for failing to request a presentence report.

Finally, Petitioner's claim that counsel was ineffective in failing to file a post sentence motion is without merit as there was no evidence that Petitioner requested that post sentence motions be filed or that there was any basis for counsel to believe Petitioner would have wanted any such motions to be filed. Therefore, based on all of the above, the Amended PCRA petition was appropriately dismissed.

By the Court:

TODD, J.

8