■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DE ARMAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 29, 1982, convicting him of attempted murder in the second degree, assault in the first degree, criminal use of a weapon in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. Findings of fact have not been considered.

During a recess between a morning and an afternoon session of defendant's trial, defense counsel requested that an official court interpreter interpret a conversation between his client and himself since the defendant understood very little English and defense counsel understood very little Spanish. The need for the official court interpreter's assistance was precipitated by the testimony of one of the People's witnesses which was inconsistent with the facts as given by the defendant to his attorney. The trial court observed the parties talking with the aid of the

interpreter and directed the attorney to desist from such activity. Defense counsel then asked the court's permission to use the interpreter during trial in the preparation of his cross-examination of the People's remaining witnesses. The defendant's attorney argued that the use of the interpreter's services was essential so that he could communicate with the defendant as the trial proceeded. However, the court ruled that the interpreter was for the court's use during trial and that since the defendant was not indigent, the court interpreter would not be made available to him. While the court indicated that it would permit the defendant to obtain his own interpreter, it stated that the interpreter would not be permitted to confer with the defendant or his attorney at the counsel table, but would only be permitted to remain in the courtroom and be available for counsel to confer when needed.

We find that the trial court's ruling restricting defendant's use of the official court interpreter during trial and restricting his opportunity to obtain his own interpreter to sit at the counsel table had the effect of depriving the defendant of due process of law and the effective assistance of counsel. The appointment of an interpreter is within the sound discretion of the court (Judiciary Law, § 387; County Law, § 218, subd 1; *United States v Desist,* 384 F2d 889). Indeed, where a court is put on notice that a defendant has severe difficulty in understanding the English language, it must inform him that he has a right to a competent translator to assist him, at State expense, if he cannot afford one (*United States ex rel. Negron v State of New York,* 434 F2d 386). Our State's highest court has held that "a defendant who cannot understand English is entitled to have the trial testimony interpreted to him in a language which he understands in order that he may meaningfully assist in his own defense" (*People v Ramos,* 26 NY2d 272, 274).

Crucial to the defendant's right to assist in his own defense are the rights to be present at his trial and to comprehend the proceedings before him. "[I]t is equally imperative that every criminal defendant — if the right to be present is to have meaning — possess 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.' Dusky v. United States, 362 U.S. 402 * * * Otherwise '[t]he adjudication loses its character as a reasoned interaction * * * and becomes an invective against an insensible object.' Note, Incompetency to Stand Trial, 81 Harv. L. Rev. 454, 458" (*United States ex rel. Negron v State of New York, supra,* p 389).

As so noted by the Court of Appeals in *People v Ramos* (*supra,* p 274), one purpose of the use of an interpreter is to enable the defendant to "meaningfully assist in his own defense". The trial

court's ruling in this case, precluding meaningful access to an interpreter then in the courtroom, deprived defendant of that right and requires reversal. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.