■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN JONES, Also Known as BRUCE BATTLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant

pleaded guilty to two counts of criminal possession of a weapon in the third degree. He cites as reversible error the failure of the People to have produced at the suppression hearing an interdepartmental memorandum which was prepared by Investigator McArdle and which contained information McArdle had received from an informant. McArdle testified at the hearing that early on the morning of August 22, 1983, upon receiving the information from the informant, he prepared the memorandum for delivery to officers working a later shift. Defendant was arrested by those officers on the evening of August 22. McArdle further testified that the memorandum had been "routinely destroyed" by the police department.

Since the memorandum related to the subject matter of McArdle's testimony, it was discoverable by defendant *(see,* CPL 240.45; *People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; *People v Gilligan,* 39 NY2d 769; *People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, *rearg denied* 15 NY2d 765). The failure to produce the memorandum in the circumstances presented here, however, does not constitute reversible error. The record contains no suggestion that the memorandum was destroyed in bad faith to frustrate defendant's right to cross-examination *(see, People v Paranzino,* 40 NY2d 1005; *People v Sirianni,* 97 AD2d 938). Moreover, defendant's counsel had a full opportunity to cross-examine McArdle and the other officers concerning the content of the memorandum and the specifics of the information received by McArdle from the informant *(see, People v Perez,* 50 AD2d 908).

Also without merit is defendant's claim that the search of his duffle bag was unconstitutional. The record amply supports the determinations of the suppression court that the stop of defendant was based upon reasonable suspicion and that the search of the duffle bag was proper to ensure the safety of the police officers *(see, People v Brooks,* 65 NY2d 1021). In any event, we could credit the testimony of the police officers that defendant consented to the search.

We have reviewed defendant's other claims of error and find them to be without merit. (Resubmission of appeal from judgment of Onondaga County Court, Cunningham, J.—criminal possession of weapon, third degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.