■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 14, 1982, convicting him of arson in the second degree and murder in the second degree (six counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Clemente, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and the defendant's statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The complainant told an investigating detective that three men named Flako, Marty and Chino were present in her Brooklyn residence immediately prior to the fire that killed six members of a family who resided in the top-floor apartment. The defendant identified himself as Chino to a different detective who had brought him to the police station. The hearing court properly determined that the defendant's statement identifying himself as Chino need not be suppressed since the detective was entitled to ask him his identity without the necessity of formal warnings (see, People v Rivera, 26 NY2d 304; cf., People v Miller, 123 AD2d 721). Furthermore, the evidence supports the hearing court's determination that the showup identification by the complainant at the police station was for confirmation purposes. The issue of suggestive police identification procedures therefore would not arise to preclude an in-court identification of the defendant by the complainant (see, People v Burden, 131 AD2d 494). The complainant testified at the hearing that she had known the defendant for two years and had seen him on a daily basis in the eight months preceding the fire.

The defendant was tried with two codefendants (People v Mora, 121 AD2d 404, lv denied 68 NY2d 815; People v Villalobos, 108 AD2d 887, lv denied 65 NY2d 701). The court properly denied the defendant's application for a severance (see, People v Villalobos, supra). The statement of the codefendant Mora to a police officer, which was suppressed by the hearing court, would not have been admissible even at a separate trial since it was not a declaration against penal interest (see, People v Settles, 46 NY2d 154).

Prior to selection of the entire jury, one of the sworn jurors asked to be discharged. The court questioned the juror in the presence of the attorneys. The juror, who was described by one of the defense attorneys as "quite emotionally upset", stated that he had a conversation with his employer the day before which led him to believe that he would lose his job if the trial was lengthy and consequently he had been unable to sleep. Noting that the juror was going to be under "some kind of stress", the court discharged him with the consent of the two codefendants but over the defendant's objection. Under these circumstances, we find that the court did not improvidently exercise its discretion in discharging the juror pursuant to CPL 270.15 (3) (cf., People v Wilson, 106 AD2d 146).

The defendant contends that he was denied a fair trial because the People failed to produce the original notes of a police officer who interviewed the complainant in an ambu-

lance at the scene of the fire. The officer did not preserve the notes he had written on scraps of paper after he related the substance of the conversation to the investigating detective at the scene. In that conversation, the complainant said she saw the codefendants running from the building the night of the fire and did not mention the defendant. A reversal of the conviction, however, is not an appropriate sanction here for the People's failure to preserve this evidence (cf., People v Kelly, 62 NY2d 516). No evidence was offered to indicate that the officer destroyed the notes in bad faith to frustrate the defendant's right to cross-examination (see, People v Jones, 130 AD2d 943). The contents of the conversation, contained in the investigating detective's memo book, were disclosed to the defense prior to the prosecutor's opening statement (see, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866; CPL 240.45 [1] [a]), and the court permitted the defense counsel to elicit testimony about the conversation from the police officer and the investigating detective.

We disagree with the defendant's contention that the testimony of the complaining witness was incredible as a matter of law. Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620) we find that it was legally sufficient to support the defendant's conviction (see, People v Mora, supra; People v Giles, 132 AD2d 706). Upon the exercise of our factual review power (CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence, despite the inconsistencies in the complainant's testimony. Questions of credibility are primarily for the jury to resolve and its determination will not be disturbed unless clearly unsupported by the evidence (see, People v Garafolo, 44 AD2d 86).

Finally, the sentence imposed was hardly excessive (see, People v Mora, supra), in view of the fact that the jury found that the defendant caused six deaths. We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.