■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BEST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 2, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not err in failing to impose, *sua sponte,* a sanction for violation of the rule of *People v Rosario* (9 NY2d 286) where defense counsel made no application for such relief. In any event, a reversal of the defendant's conviction is not warranted under the circumstances. The record reveals that the arresting backup officer in a so-called "buy and bust" operation, discarded his notes containing the undercover officer's physical description of the defendant, but only after first transferring the information to a "Corroboration Buy Report" completed three days after the defendant's arrest. The report was made available to the defendant and the undercover officer was produced at trial and cross-examined extensively concerning her description of the defendant. No evidence was offered which suggested that the officer destroyed the notes in bad faith in order to frustrate the defendant's right to cross-examination *(see, People v Vasquez,* 141 AD2d 880; *People v Jones,* 130 AD2d 943, *lv denied* 70 NY2d 649).

We have reviewed the defendant's remaining contention and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.