■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WALLACE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered July 14, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not testify at trial, and at its conclusion he requested that the jury be instructed pursuant to CPL 300.10 (2) that it could not draw any unfavorable inference from his decision not to testify. In honoring that request, the trial court instructed the jury that: "[u]nder our law a defendant may, if he desires, testify in his own behalf and it is his right to refrain from testifying on the witness stand. I, therefore, charge you in your deliberations you may not draw any unfavorable inference whatsoever from the defendant's election not to testify". While we agree with the defendant that this instruction was an embellishment upon the statutory language, we find that the deviation was minimal. In light of the overwhelming proof of guilt, and the otherwise proper

charge, we deem this error harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

We further find the trial court did not improvidently exercise its discretion by refusing to give an adverse inference charge regarding the People's failure to preserve certain notes taken by both the arresting officer and the undercover officer who purchased the controlled substances. The sanctions to be imposed when *Rosario* material is lost or destroyed are within the sound discretion of the trial court and, in imposing such sanctions, the trial court should look to fault on the part of the People and prejudice to the defendant *(see, People v Martinez,* 71 NY2d 937). We find no such prejudice or fault. The undercover officer destroyed his notes only after transferring their contents to a "Buy Report" which was made available to the defendant, and both the undercover and the arresting officer testified at trial where they were extensively cross-examined *(see, People v Best,* 145 AD2d 499; *People v Vasquez,* 141 AD2d 880; *People v Jones,* 130 AD2d 943). Furthermore, we find no evidence of bad faith on the part of the police or the prosecution in this regard. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.