■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO SPRINGER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered April 4, 1985, convicting him of criminal sale of a

controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, reversal of the judgment is not required because the People were unable to produce the notes made by one of the arresting officers which contained the description of the perpetrator as given to him by the undercover officer involved in this so-called "buy and bust" operation. Those notes had been discarded by the officer, but not until he transferred the information contained therein to a report completed on the day of the defendant's arrest. The contents of that report were made available to defense counsel, and there is no evidence that the notes were destroyed in bad faith or in an effort to frustrate the defendant's right to cross-examination *(see, People v Vasquez,* 141 AD2d 880; *People v Jones,* 130 AD2d 943).* Thus, the omission does not require reversal of the judgment *(see, People v Martinez,* 71 NY2d 937; *People v Best,* 145 AD2d 499; *People v Vasquez, supra).*

The testimony adduced as to the circumstances surrounding the handling of the cocaine purchased from the defendant by the undercover officer and the prerecorded money used to make that purchase " 'provide[s] reasonable assurances of the identity and unchanged condition' " of that evidence *(People v Julian,* 41 NY2d 340, 343; *People v Smith,* 130 AD2d 783). Thus, any deficiencies in the chain of custody went to the weight, and not the admissibility, of this evidence *(see, People v Newman,* 129 AD2d 742).

Additionally, we find that neither the court's charge in general nor the way in which it marshaled the evidence was erroneous *(see, People v Saunders,* 64 NY2d 665; *People v Bell,* 38 NY2d 116; *cf., People v Erts,* 138 AD2d 506, *affd* 73 NY2d 872), and the defendant was not deprived of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.

Third Department, September, 1989

(September 14, 1989)

■ The People of the State of New York, Respondent, v