■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BRIGGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered June 9, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the trial court erred in permitting the police witnesses to testify as to the substance of the radio communication made by the undercover police officer which included a description of the individual from whom she had purchased the drugs, and in further permitting them to testify that the defendant matched that description. This testimony constituted inadmissible hearsay which impermissibly bolstered the identification testimony of the arresting officer (see, *People v Holt,* 67 NY2d 819, 821; *People v Trowbridge,* 305 NY 471, 477; *People v Soto,* 146 AD2d 657; *People v Faison,* 126 AD2d 739; cf., *People v Love,* 92 AD2d 551; *People v Fay,* 85 AD2d 512). However, the error was harmless in view of the overwhelming evidence of the defendant's guilt. Significantly, in our view the defense was

not one of misidentification; rather, the defendant contended that he had not sold drugs to the police *(cf., People v Vasquez,* 120 AD2d 757).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80, 85-86). The defendant's remaining contentions are either unpreserved for appellate review or are without merit *(see, People v Martinez,* 71 NY2d 937, 940; *People v Best,* 145 AD2d 499; *People v Wallace,* 153 AD2d 766). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.