■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE LEMMERMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered May 27, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err by denying his request for an agency defense charge. The evidence at trial established that the defendant was arrested as a result of a so-called "buy and bust" operation. An undercover officer approached the defendant, and asked for three bags of "angel dust". The defendant responded that the undercover officer could only have two bags and that he would have to wait for another individual, later identified as John Kopf, to return with a spare set of keys for the pickup truck which contained the drugs. When Kopf returned, he opened the truck, reached into the vehicle, and passed something to the defendant. The defendant then walked away from the truck and looked over to the undercover officer. The undercover officer went over to the defendant and asked for

two bags, and the defendant responded by handing him the two bags and accepting prerecorded money from the undercover officer. Later, when the defendant and Kopf were arrested, the prerecorded money was recovered from Kopf. "Under [these] circumstances, we find that no reasonable view of the evidence supports a finding that the defendant was a mere instrumentality of the buyer" *(People v Guzman,* 156 AD2d 715, 716).

In addition, we find no merit to the defendant's contention with regard to a purported violation of the rule of *People v Rosario* (9 NY2d 286) *(see, People v Springer,* 153 AD2d 959; *People v Best,* 145 AD2d 499; *People v Vasquez,* 141 AD2d 880, 881-882; *cf., People v Martinez,* 71 NY2d 937). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.