■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO LIRIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered March 5, 1991, convicting him of grand larceny in the second degree, offering a false instrument for filing in the first degree (10 counts), and falsifying business records in the first degree (10 counts), upon a jury verdict, and sentencing him to an indeterminate term of 1 to 3 years imprisonment for grand larceny in the second degree to run concurrent with terms of one year imprisonment imposed on each count of offering a false instrument for filing, and concurrent with a term of one year imprisonment imposed on each count of falsifying business records in the first degree, and directing the defendant to pay restitution in the amount of $379,861.50 ($361,772.50 plus a 5% surcharge) in five yearly installments commencing upon the defendant's release from incarceration.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating so

much of the sentence as directed the defendant to pay restitution in the amount of $379,861.50 ($361,772.50 plus a 5% surcharge) in five yearly installments commencing upon the defendant's release from incarceration, and substituting therefor a provision directing the defendant to pay restitution in the amount of $334,868.63 ($318,922.50 plus a 5% surcharge) in five yearly installments commencing upon the defendant's release from incarceration; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a surgeon, was indicted, *inter alia,* for grand larceny in the second degree for misappropriating $361,962 from the New York State Medicaid program over a period of five years. In the course of their investigation, the members of the Office of the Deputy Attorney-General for Medicaid Fraud interviewed the defendant's secretary, Virginia Britton, who, during the same period of time, had misappropriated approximately $150,000 in Medicaid and other checks from the defendant. On appeal, the defendant argues that he was denied a fair trial by the late disclosure of an audible copy of the investigators' tape-recorded interview of Britton. We disagree.

The prosecutor turned over the tape to the defense counsel prior to trial, before either was aware that there was a more audible copy available. When the more audible tape was discovered, the court gave the defense an ample adjournment to prepare a transcript for use during Britton's cross-examination and permitted him to postpone the cross-examination until the transcript was completed. The record shows that the defense counsel thereafter questioned Britton at length using the transcript. Because the defendant received the more audible tape in time for him to utilize it effectively on Britton's cross-examination, there was no *Brady* violation warranting reversal of his conviction *(see, Brady v Maryland,* 373 US 83; *People v Cortijo,* 70 NY2d 868; *People v Bolling,* 157 AD2d 733).

Nor do we find reversible error in the destruction of the investigator's handwritten notes of his interview with the defendant *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). The prosecutor supplied the defendant with the investigator's final typewritten report prepared from the notes, and there is no indication that the notes were destroyed in bad faith or in an effort to frustrate the defendant's right to cross-examination *(see, People v Springer,* 153 AD2d 959, 960; *People v Best,* 145 AD2d 499). Any resulting prejudice was

overcome by the court's adverse inference charge *(see, People v Martinez,* 71 NY2d 937).

In addition to incarceration, the court ordered the defendant to pay restitution in the sum of $379,861.50 ($361,772.50 plus a 5% surcharge). However, since the parties stipulated at trial that the defendant received $318,922.50 from his fraudulent claims, he could not be ordered to repay more than that sum, plus the appropriate surcharge. We have modified the sentence accordingly.

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.