■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE STEVENS, Appellant.—Judgment, Supreme Court, New York County (John Bradley, J.), rendered September 13, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felony offender, to an indeterminate term of ten to twenty years imprisonment, unanimously affirmed.

In this "buy and bust" drug prosecution, defendant's contention that the contraband was improperly admitted into evidence because the People failed to establish a continuous unbroken chain of custody is devoid of merit. A review of the evidence adduced at trial, including the testimony and documentation offered by the People, provided the requisite " 'reasonable assurances of the identity and unchanged condition' " of the heroin purchased from the defendant by the undercover officer *(People v Julian,* 41 NY2d 340, 343; *People v Mayas,* 137 AD2d 836).

Thus, any deficiencies in the chain of custody, including the defendant's speculative arguments regarding the possible impact the original police chemist's subsequent arrest for drug possession, more than four months after he had performed a chemical analysis on the contraband, may have had upon the validity of the test results, went to the weight, and not the admissibility, of that evidence *(People v White,* 40 NY2d 797, 799-800; *People v Springer,* 153 AD2d 959, 960). This is particularly the case, where, as here, the defendant has offered no evidence that the original chemist was impaired by drug use during his analysis of the narcotics, and where later analysis by another police chemist resulted in the same test findings.

Finally, we perceive no abuse of discretion by the court in imposing sentence *(People v Farrar,* 52 NY2d 302, 305). Concur —Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.