■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE PEREZ, Also Known as HERMAN PEREZ, Appellant. [604 NYS2d 152] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered September 6, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of a so-called "buy and bust" operation which was conducted on December 28, 1988, during which the defendant, assisted by Sergio Gutierrez, sold two paper packets of cocaine to an undercover police officer. The record reveals that as the undercover officer and the defendant approached each other on a street corner in Queens, the undercover officer asked the defendant in Spanish, "tu tiene 'bazooka'?" (which the officer translated as "do you have 'bazooka'?"), and the defendant responded "tengo aqui" ("I have, over here"). The undercover officer gave the defendant $20 of prerecorded money and the defendant walked over to Gutierrez who was standing nearby, retrieved

two packets of cocaine, and returned to hand the packets to the undercover officer. The undercover officer left the vicinity and the defendant was ultimately arrested by the backup team.

Contrary to the defendant's contentions, no reasonable view of the evidence supports the inference that the defendant acted as an instrumentality or merely as a procuring agent of the undercover officer. There is no evidence that the undercover officer and the defendant ever met prior to the subject sale of cocaine. Although the purchase was suggested by the undercover officer, the record establishes that the defendant unhesitatingly agreed to sell her cocaine, even prior to consulting Gutierrez. The defendant further exhibited salesmanlike behavior through his active participation in the drug transaction from beginning to end. Under these circumstances, the trial court did not err in denying the defendant's request for an agency defense charge *(see, People v Lemmerman,* 160 AD2d 733; *People v Guzman,* 156 AD2d 715).

The defendant also claims that he was denied his constitutional right to due process because he received inadequate interpretation at the trial due to the negligence of the court-appointed interpreter. For the constitutional right to be present during a trial to be meaningful, a defendant has the right to have the testimony interpreted to him in a language which he understands so he may meaningfully participate in his own defense *(see, People v Ramos,* 26 NY2d 272, 274; *People v De Armas,* 106 AD2d 659, 660). However, there is no basis for reversing a defendant's conviction based on his claim challenging the translation or the qualifications of the translator where no record is made of any serious error in translation *(see, People v Rolston,* 109 AD2d 854, 855). Such is the case here.

The record establishes, and the defendant concedes on appeal, that he had access to and utilized the services of a court-appointed translator. The defendant made no complaints about the adequacy of the translation or the translator's qualifications during the trial. In addition, the record reveals that the defendant had numerous conversations with his counsel both before and during the trial. Under these circumstances, there is no basis in the record for concluding that the defendant was unable to meaningfully participate in his defense at trial.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved

for appellate review or without merit. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.