■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS WARCHA, Also Known as CRISTOBAL GUARCHAJ, Appellant. [792 NYS2d 627]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered October 1, 2003,

convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After representing the defendant for approximately 10 months, including pretrial proceedings and two days of jury selection, the defense counsel advised the trial court that he had just learned that his client's native language was not Spanish but Quiche, a Guatemalan dialect. At the trial court's request, two Spanish interpreters evaluated the defendant's proficiency in Spanish and concluded that, while the defendant's ability to express himself in that language was "limited," he could understand Spanish, provided the interpreters spoke slowly. The trial court ruled that any limitation in the defendant's understanding of Spanish was not such as to nullify the proceedings to date. Nevertheless, the trial court recognized that it would be useful for the defendant to have a Quiche interpreter available, and ordered a recess to afford court personnel and the defendant a reasonable opportunity to locate one. Despite diligent efforts, however, no Quiche interpreter could be found. After hearing from the two Spanish interpreters who had independently interviewed the defendant, and after a colloquy with the defendant, the trial court ruled that the defendant's proficiency in Spanish was sufficient to allow the trial to proceed with counsel and the defendant assisted by the Spanish interpreters. We agree.

"For the constitutional right to be present during a trial to be meaningful, a defendant has the right to have the testimony interpreted to him in a language which he understands so he may meaningfully participate in his own defense" (*People v Perez*, 198 AD2d 446, 447 [1993]; *see United States ex rel. Negron v State of New York*, 434 F2d 386 [1970]). "Only when it becomes acutely obvious that the defendant is exhibiting an inability to understand the trial proceedings or to communicate with his counsel due to a language barrier should the court take affirmative steps to determine the need of an interpreter" (*People v Ramos*, 26 NY2d 272, 275 [1970]).

With respect to the conduct of the pretrial proceedings and that part of the trial that occurred before the third day of jury selection, the trial court had no cause to believe that any interpreter other than a Spanish interpreter would be needed. Thus, the trial court's determination not to nullify the proceedings in the case that had occurred up to that point was properly made (*cf. People v Reyes*, 158 AD2d 626 [1990]).

Moreover, we find no error in the trial court's decision to continue the trial in the absence of a Quiche-speaking inter-

preter. The determination whether a court-appointed interpreter is necessary lies within the sound discretion of the trial court, which is in the best position to make the fact-intensive inquiries necessary to determine whether there exists a language barrier such that the failure to appoint an interpreter will deprive the defendant of his or her constitutional rights (*see People v Navarro,* 134 AD2d 460 [1987]; *see also People v Hernandez,* 295 AD2d 989 [2002]; *People v Fioravantes,* 229 AD2d 784, 785 [1996]).

The trial court providently exercised its discretion in relying on statements by two Spanish interpreters, made after assessing the defendant's proficiency in Spanish, that they not only "could make themselves understood" to the defendant, but could also understand what the defendant had to say. The trial court instructed the interpreters to signal the court whenever necessary to ensure that the defendant had an opportunity to have the proceedings more fully explained to him in Spanish. Moreover, while the defendant may not have been as fluent in Spanish as in Quiche, there is evidence in the record that he had been speaking Spanish with coworkers for the previous two years, and that, while in school in his native Guatemala, he had been taught both in Spanish and in Quiche. Additionally, the trial court took into account the fact that the defendant had been communicating with counsel through a Spanish interpreter during 10 months of trial preparation and pretrial proceedings, and that, at the time of his arrest, the defendant reportedly made several remarks to the arresting officer in English. Under these circumstances, we find no error in the trial court's determination. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.