In the Matter of EJOEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [824 NYS2d 660]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 12, 2005, which, upon a fact-finding order of the same court dated December 9, 2004, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated December 9, 2004.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Sam G.*, 294 AD2d 363 [2002]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

"As a corollary to the right to counsel, non-English speaking individuals have the right to an interpreter to enable them to participate meaningfully in their trial and assist in their own defense" (*Matter of Er-Mei Y.,* 29 AD3d 1013, 1015 [2006] [citations omitted]). "[W]here a court is put on notice that a defendant has severe difficulty in understanding the English language, it must inform him [or her] that he [or she] has a right to a competent translator to assist him [or her], at State expense, if he [or she] cannot afford one" (*People v De Armas,* 106 AD2d 659, 660 [1984]). "The determination whether a court-appointed interpreter is necessary lies within the sound discretion of the trial court, which is in the best position to make the fact-intensive inquiries necessary to determine whether there exists a language barrier such that the failure to appoint an interpreter will deprive the defendant of his or her constitutional rights" (*People v Warcha,* 17 AD3d 491, 493 [2005]).

Here, the record shows that an interpreter was present when the appellant made his admission during the fact-finding proceeding, during all of the court dates in which testimony was offered at the dispositional hearing, and all other times when substantive issues were addressed. Moreover the record shows that the appellant understood English (*see People v De Armas, supra* at 660).

The appellant's contention that he was denied the effective assistance of counsel is without merit. The Law Guardian, contrary to the appellant's contention, requested that a Spanish interpreter be provided, and otherwise provided him with meaningful representation (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Benevento,* 91 NY2d 708, 712 [1998]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.