■ In the Matter of EDWIN N., a Person Alleged to be a Juvenile Delinquent, Appellant. [858 NYS2d 723]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated November 14, 2006, which, upon a fact-finding order of the same court dated September 26, 2006, made after a hearing, finding, inter alia, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months upon certain conditions.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (*see Matter of Marlene B.,* 12 AD3d 596 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

"The determination whether a court-appointed interpreter is necessary lies within the sound discretion of the trial court, which is in the best position to make the fact-intensive inquiries necessary to determine whether there exists a language barrier such that the failure to appoint an interpreter will deprive the defendant of his or her constitutional rights" (*People v Warcha,* 17 AD3d 491, 493 [2005]).

In this case, the Family Court made reasonable and substantial efforts to secure an interpreter for the benefit of the appellant's mother (*cf.* Family Ct Act § 341.2 [3]). Upon learning that

the mother's native language was Bassa (a language spoken in West Africa), the court ordered a Bassa interpreter on multiple occasions prior to and during the fact-finding hearing, over a period of six months, and also adjourned the hearing for approximately three weeks in an effort to secure the presence of such an interpreter. Although no Bassa interpreter was available for any of the hearing dates on which testimony was given and arguments were heard, a Bassa interpreter was found and was made available to the appellant, his mother, and his assigned attorney for consultation before the completion of the complaining witness's cross-examination and the presentation of the appellant's case. In addition, the appellant's adult sister, who resided with the appellant's mother at the time of the hearing and was fluent in both Bassa and English, was present for the entirety of the fact-finding hearing. Contrary to the appellant's contention, there is no indication in the record that his sister was burdened by a significant conflict of interest (cf. Matter of James L., 143 AD2d 533, 534 [1988]).

Under the particular circumstances of this case, the Family Court did not improvidently exercise its discretion in allowing the fact-finding hearing to proceed in the absence of translation by an official Bassa interpreter (see Matter of Ejoel M., 34 AD3d 678, 679 [2006]; People v Warcha, 17 AD3d at 492-493). Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.