People v Podmalovsky (2021 NY Slip Op 50883(U))

[*1]

People v Podmalovsky (Kamil)

2021 NY Slip Op 50883(U) [73 Misc 3d 127(A)]

Decided on September 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1189 S CR

The People of the State of New York,
Respondent,
against
Kamil Podmalovsky, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Andrew Kay, J.H.O.), rendered March 7, 2019. The judgment,
after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is reversed, as a matter of discretion in the
interest of justice, and the matter is remitted to the District Court of Suffolk County, Suffolk
County Traffic and Parking Violations Agency for all further proceedings.
Following a nonjury trial, the court found defendant guilty of speeding (Vehicle and Traffic
Law § 1180 [b]), and imposed sentence.
It is well settled that crucial to a defendant's right to assist in his or her own defense are the
rights to be present at trial and to comprehend the proceedings before him or her (see People
v Ramos, 26 NY2d 272, 274 [1970]; People v De Armas, 106 AD2d 659, 660
[1984]). "For the constitutional right to be present during a trial to be meaningful, a defendant
has the right to have the testimony interpreted to him [or her] in a language which he [or she]
understands so he [or she] may meaningfully participate in his [or her] own defense" (People v Warcha, 17 AD3d 491,
492 [2005] [internal quotation marks omitted]; see People v Aviles, 28 NY3d 497, 506 [2016] [finding that
"defendants have a constitutional due process right to a qualified interpreter during judicial
proceedings"]; Ramos, 26 NY2d at 274; People v Perez, 198 AD2d 446 [1993];
De [*2]Armas, 106 AD2d at 660). "[W]here the court is
put on notice that a defendant has difficulty understanding or speaking the English language, it
must 'make unmistakably clear to him [or her] that he [or she] has a right to have a competent
translator assist him [or her], at state expense if need be' " (People v Navarro, 134 AD2d
460, 460 [1987], quoting United States ex rel Negron v State of New York, 434 F2d 386,
390-391 [1970]; see People v Lopez, 251 AD2d 514 [1998]). 
There was a prior trial in this action, conducted at the District Court of Suffolk County,
Suffolk County Traffic and Parking Violations Agency (Paul H. Senzer, J.H.O.) on November
30, 2016, in which the court had ordered an interpreter who spoke Czech for defendant.
Following that trial, defendant was found guilty of the charge. On appeal, this court, in a decision
and order dated December 13, 2018 (People v Podmalovsky, 62 Misc 3d 127[A], 2018 NY Slip Op
51860[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), reversed the judgment of
conviction and remitted the matter for all further proceedings because the trial court had failed to
advise defendant, prior to trial, of his right to counsel as well as his right to, among other things,
an adjournment to obtain counsel. This court further specified that it "pass[ed] on no other issue"
(Podmalovsky, 62 Misc 3d 127[A], 2018 NY Slip Op 51860[U], *1). 
The record demonstrates that, prior to the commencement of the instant trial, the prosecutor
informed the court that defendant required a Czech translator. However, defense counsel
objected to the use of "LanguageLine," the remote interpreting service that had been used at the
first trial, noting that the authority for the court to have used that interpreting service, as well as
the adequacy of the translation, were issues raised by him on defendant's first appeal. Defense
counsel further informed the court that he could not effectively communicate with defendant.

The record further demonstrates that, over defense counsel's objection, the court contacted
LanguageLine; however, it was informed that there was no Czech interpreter available at that
time. The court then reviewed this court's decision and order dated December 13, 2018, stated
that it was relying on the fact that the Appellate Term's decision made no mention that an
interpreter was required, and proceeded to trial without the use of one. We find that it was an
improvident exercise of discretion for the court to have done so, particularly in light of the fact
that the court had initially determined that an interpreter was needed, but then, when an
interpreter was unavailable, reversed course without any objective basis therefor. We note that
this court's failure to pass on an issue was no basis from which the trial court could draw any
conclusions. 
In light of the foregoing, we need not address defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District
Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further
proceedings.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2021