HSBC Bank USA, N.A. v Parvez (2022 NY Slip Op 05683)

HSBC Bank USA, N.A. v Parvez

2022 NY Slip Op 05683

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-02556
 (Index No. 30249/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Masood Parvez, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Gross Polowy, LLC (Reed Smith, New York, NY [Andrew B. Messite and Natsayi Mawere], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Masood Parvez and Rowshan Ara Parvez appeal from an order of the Supreme Court, Queens County (Janice A. Taylor), entered December 12, 2019. The order, insofar as appealed from, after a hearing to determine the validity of service of process, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered January 29, 2015, upon their failure to answer the complaint, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new hearing to determine the validity of service of process in accordance herewith and a new determination thereafter of those branches of the motion of the defendants Masood Parvez and Rowshan Ara Parvez which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and to cancel the notice of pendency filed against the subject property.
On January 30, 2007, the defendant Masood Parvez (hereinafter Masood) executed a note in the sum of $522,250, which was secured by a mortgage on certain real property in Woodside (hereinafter the subject property). In November 2009, the plaintiff, as the alleged holder of the note, commenced this action to foreclose the mortgage against, among others, Masood and his wife, Rowshan Ara Parvez (hereinafter Rowshan, and together with Masood, the defendants). Thereafter, the plaintiff filed affidavits of service stating that on November 13, 2009, Rowshan accepted service of the summons and complaint on behalf of the defendants at an address in Woodside other than the subject property. The defendants did not answer the complaint. On January 29, 2015, upon the defendants' default in answering the complaint, the Supreme Court entered an order and judgment of foreclosure and sale. The defendants subsequently moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, pursuant to CPLR [*2]3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and to cancel a notice of pendency filed against the subject property. In an order dated May 18, 2018, the court directed a hearing to determine the validity of service of process.
At the ensuing hearing, the defendants' attorney requested a Bengali interpreter for Rowshan due to her limited understanding of English, and the Supreme Court denied the application. In an order entered December 12, 2019, made after the hearing, the court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and to cancel the notice of pendency. The defendants appeal.
Pursuant to 22 NYCRR 217.1(a), "[i]n all civil . . . cases, when a court determines that a party . . . is unable to understand and communicate in English to the extent that he or she cannot meaningfully participate in the court proceedings, the clerk of the court or another designated administrative officer shall schedule an interpreter . . . from an approved list maintained by the Office of Court Administration." "'The determination whether a court-appointed interpreter is necessary lies within the sound discretion of the trial court, which is in the best position to make the fact-intensive inquiries necessary to determine whether there exists a language barrier'" so as to require an interpreter (Matter of Edwin N., 51 AD3d 928, 928, quoting People v Warcha, 17 AD3d 491, 493).
Here, the record reflects that Rowshan was unable to meaningfully participate in the hearing due to her limited capacity to understand and communicate in English (see Mehmood v Wong, 18 AD3d 518; Matter of Vladimir M., 206 AD2d 482, 483). In multiple instances throughout her testimony, Rowshan's testimony was not responsive to the questions posed to her, Rowshan did not know the meaning of simple words, and she made confusing statements demonstrating her limitations in understanding English. Moreover, Masood testified that Rowshan is "usually . . . not conversive in English," and "[a]nything she receive[s]" in the mail, "she ask me what is it." While the Supreme Court denied the defendants' application for an interpreter on the ground that "[t]his matter has been on in this part seven times," with no prior request for an interpreter, there is no indication in the record that Rowshan testified, or even appeared, at the prior court conferences (cf. Matter of James U. v Catalina V., 151 AD3d 1285, 1287). To the contrary, Masood testified that Rowshan did not appear with him at prior settlement conferences. Consequently, under the circumstances of this case, the court improvidently exercised its discretion in denying the defendants' application for an interpreter.
Since the Supreme Court determined, after the hearing, that Rowshan's testimony was lacking in credibility due to "contradictions, misstatements and inconsistencies," the record reflects that the denial of the defendants' application for an interpreter may have influenced the court's determination. Thus, the matter must be remitted to the Supreme Court, Queens County, for a new hearing to determine the validity of service of process and a new determination thereafter of those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and to cancel the notice of pendency filed against the subject property (see Mehmood v Wong, 18 AD3d at 518).
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court