Matter of Paek v Alicea (2024 NY Slip Op 01715)

Matter of Paek v Alicea

2024 NY Slip Op 01715

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-00775
 (Docket No. O-1178-21)

[*1]In the Matter of Hyemi Paek, appellant,
v
Joshua Alicea, respondent.

Michael E. Lipson, Jericho, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated December 19, 2022. The order, after a fact-finding hearing, dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against Joshua Alicea, her former boyfriend, alleging that he committed, inter alia, the family offenses of assault in the second or third degrees and strangulation. After a fact-finding hearing, the Family Court dismissed the petition. The petitioner appeals.
Whether a court-appointed interpreter is necessary "lies within the sound discretion of the trial court, which is in the best position to make the fact-intensive [inquiry]" (HSBC Bank USA, N.A. v Parvez, 209 AD3d 723, 724 [internal quotation marks omitted]; see 22 NYCRR 217.1; Matter of Edwin N., 51 AD3d 928, 928).
Here, although the Family Court initially provided the petitioner with a court-appointed interpreter, the petitioner later, during the hearing, clearly articulated that she no longer wished to use an interpreter. The court informed the petitioner that she had a right to an interpreter to assist her, and only after ensuring that she understood her rights and that she was electing to testify in English did the court dismiss the interpreter. Later in the hearing, the court denied the request of the petitioner's attorney that the petitioner be provided with a second interpreter. The record shows that the petitioner understood English, and as such, the court had no reason to believe that a language barrier existed (see Matter of Ejoel M., 34 AD3d 678, 679; People v Warcha, 17 AD3d 491, 492-493). Accordingly, the court providently exercised its discretion in denying the petitioner's attorney's request to provide the petitioner with a second interpreter.
In a family offense proceeding, the petitioner has the burden of establishing the alleged offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Moran v Lane, 218 AD3d 687, 688; Matter of Arias v Castellanos, 191 AD3d 976, 976). On appeal, the Family Court's credibility determination is entitled to great weight, and if it is supported by the record, it will not be disturbed (see Matter of Townes v Diggs, 216 AD3d 1104, 1105; Matter of Cook v Berehowsky, 211 AD3d 727, 728).
Here, the Family Court properly determined that the petitioner failed to establish, by a preponderance of the evidence, that Alicea committed a family offense (see Matter of Moran v Lane, 218 AD3d at 688; Matter of Arias v Castellanos, 191 AD3d at 976; Matter of Johnson v Johnson, 146 AD3d 956, 956). The court's credibility determination was supported by the record, and we discern no basis for disturbing it (see Matter of Townes v Diggs, 216 AD3d at 1105; Matter of Cook v Berehowsky, 211 AD3d at 728). Accordingly, the court properly dismissed the petition.
The petitioner's remaining contention is improperly raised for the first time on appeal.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court