Matter of Noemi C. (Gladys C.-C.) (2024 NY Slip Op 06440)

Matter of Noemi C. (Gladys C.-C.)

2024 NY Slip Op 06440

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

681 CAF 23-01265

[*1]IN THE MATTER OF NOEMI C.  ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
GLADYS C.-C., RESPONDENT-APPELLANT.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO (BENJAMIN ELLIOT MANNION OF COUNSEL), FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 29, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of mental illness. We affirm.
Contrary to the mother's contention, we conclude that petitioner established "by clear and convincing evidence that [the mother], by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for [the] child" (Matter of Lil' Brian J.Z. [Jessica J.], 221 AD3d 1580, 1581 [4th Dept 2023], lv denied 41 NY3d 901 [2024] [internal quotation marks omitted]; see Social Services Law § 384-b [4] [c]). Testimony from petitioner's expert witness, a psychologist, established that the mother suffered from mental illness, as defined in Social Services Law § 384-b (6) (a), such that the child "would be in danger of being neglected if [she] were returned to [the mother's] care at the present time or in the foreseeable future" (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]; see Matter of Evalynn R.B. [Kelli B.], 217 AD3d 1430, 1431 [4th Dept 2023]; Matter of Dylan K., 269 AD2d 826, 826-827 [4th Dept 2000], lv denied 95 NY2d 766 [2000]).
The mother also contends that reversal is required because petitioner's case consisted almost entirely of inadmissible hearsay. We reject that contention. Even assuming, arguendo, that her contention is fully preserved (see generally Matter of Raymond H. [Dana C.], 186 AD3d 1125, 1126 [4th Dept 2020]) and that Family Court improperly admitted hearsay into evidence at the fact-finding hearing (see generally Matter of Leon RR, 48 NY2d 117, 123 [1979]), we conclude that any error by the court in admitting the challenged testimony is harmless (see Matter of Meyah F. [Shelby L.], 203 AD3d 1558, 1560 [4th Dept 2022]; Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645 [4th Dept 2018], lv denied 32 NY3d 915 [2019]; Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1626-1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]).
The mother further contends that petitioner's evidence of the mother's mental illness is [*2]unreliable because much of the psychological evaluation was conducted in English and without the benefit of a Spanish interpreter. The mother did not object to the testimony or report of the psychologist on that ground, however, and thus failed to preserve that contention for our review (see Matter of Nadya S. [Brauna S.], 133 AD3d 1243, 1244 [4th Dept 2015], lv denied 26 NY3d 919 [2016]; see generally Matter of Kaylene S. [Brauna S.], 101 AD3d 1648, 1648 [4th Dept 2012], lv denied 21 NY3d 852 [2013]). In any event, the record establishes that the psychologist testified repeatedly that there was no indication that the mother's test scores were impacted by a language barrier. Further, the psychologist gave the mother a Spanish-language version of the Minnesota Multiphasic Personality Inventory test (MMPI-2) and, before she began, he "had [the mother] read some of the questions" to ensure that she understood them before she proceeded. In addition, the mother's answers were consistent, which the psychologist testified would not have occurred if the score were "due to confusion or poor reading ability." The psychologist further testified that "it was clear from the way she was responding to [his] questions that [the mother] understood what [he] was asking," and that the mother "was able to express herself coherently and intelligently in English." It is also worth noting that the mother interacted with the child in English during their supervised visit. We conclude that the mother's contention that a language barrier rendered the test results and, therefore, the psychologist's opinion, unreliable is not supported by the record (see Matter of Olivia G. [Olivar I.-G.], 173 AD3d 1688, 1688 [4th Dept 2019]; Matter of James U. v Catalina V., 151 AD3d 1285, 1286-1287 [3d Dept 2017]; Nadya S., 133 AD3d at 1244).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court